# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 892 | **DATE** | 10/31/2002 |
| **CASE TITLE** | UNITED STATES vs. ENAAM M. ARNAOUT | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion for reassignment [12-1] is denied. The status hearing on November 5, 2002 stands. Counsel are requested to submit their joint or separate scheduling proposals to chambers by November 4, 2002. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | NOV - 1 2002 | |
| ✓ | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 16 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to Judges Holderman and Gottschall. | | 10/31/2002 | |
| | | | date mailed notice | |
| CB | courtroom deputy's initials | | PW | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



NOV - 1 2002

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 CR 892 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| ENAAM M. ARNAOUT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Enaam M. Arnaout is the chief executive officer of Benevolence International Foundation, Inc. ("BIF"). On April 29, 2002, the government filed a criminal complaint, alleging that Arnaout and BIF violated 18 U.S.C. § 1623 by making and using two false declarations in a civil case pending before Judge James H. Alesia. *Benevolence International Foundation, Inc. v. John Ashcroft, et al.*, Case No. 02 C 763 ("first criminal complaint"). Thereafter, a grand jury returned an indictment charging each defendant with two counts of perjury. The case was assigned to Judge Joan B. Gottschall. *United States v. Benevolence International Foundation, Inc. et al.*, Case No. 02 CR 414 ("first indictment"). On September 13, 2002, Judge Gottschall dismissed the first indictment.

That evening, the government presented a second criminal complaint to Magistrate Judge Ian H. Levin, alleging that Arnaout and BIF violated 18 U.S.C. §§ 1001(a)(2) and (3) as well as 18 U.S.C. § 1621(2) by making and using two false declarations in the civil case pending before Judge Alesia. The affidavit submitted in support of the second criminal complaint is identical to the affidavit submitted in support of the first criminal complaint except for removal of one paragraph.

/6

On October 9, 2002, the grand jury returned a seven-count indictment charging Arnaout with racketeering conspiracy, providing material support to organizations engaged in violence, money laundering, mail fraud and wire fraud. The second indictment was assigned to this judge. *United States v. Enaam M. Arnaout*, Case No. 02 CR 892 ("second indictment"). Magistrate Judge Levin dismissed the second criminal complaint on the government's motion the following day. Currently, no matters pertaining to the first indictment are pending before Judge Gottschall. Arnaout moves to transfer the second indictment to the Executive Committee for reassignment to Judge Gottschall pursuant Internal Operating Procedure 11(b)(2).

## DISCUSSION

### A. Assignment of Cases

In the Northern District of Illinois, new cases are randomly assigned by an automated assignment system. Direct assignment to a specific judge only occurs under limited circumstances specified in the local rules. Arnaout claims the second indictment should have been directly assigned to Judge Gottschall pursuant to Local Civil Rule 40.3(b)(2). Arnaout argues the local civil rules apply to the assignment because "[t]he government's extraordinary conduct in filing a new criminal complaint, instead of filing a new indictment in the pending case or appealing the dismissal of the original charges, presents a scenario which is not specifically addressed in the Local Criminal Rules." Motion at 6.

Contrary to Arnaout's contention, the local criminal rules specifically address the direct assignment of criminal cases. Local Criminal Rule 50.2, entitled "Direct Assignments: Criminal" is the counterpart to Local Civil Rule 40.3, entitled "Direct Assignment of Cases." Nevertheless, the court is required to follow the local civil rules in a criminal case to the extent they are applicable.

LCrR 1.2. The form designation sheet for criminal cases refers to Local Civil Rule 40.3(b)(2) in questions 2 and 3. *See* Designation Sheet for Criminal Proceedings at Questions 2 and 3. Thus, it would appear that Local Civil Rule 40.3(b)(2) is applicable to criminal cases. However, the reference to Local Civil Rule 40.3(b)(2) in question 2 of the clerk's office form is in error, and possibly contributed to Arnaout's confusion. By its terms, Local Civil Rule 40.3(b)(2), which addresses the re-filing of dismissed cases, does not apply to superceding indictments filed in pending cases. The information sought in question 2 pertains to superceding indictments or informations covered by Local Criminal Rule 50.2(4), entitled "Superceding Indictments or Informations." In any event, the court need not determine whether Local Civil Rule 40.3(b)(2) applies here because the result is the same under both criminal and civil direct assignment rules.

1. **Local Criminal Rule 50.2**

Local Criminal Rule 50.2 provides for direct assignment to a specific judge in only five instances: (1) criminal contempt cases arising out of grand jury proceedings; (2) interception of wire and oral communications; (3) cases arising out of failure to appear; (4) superseding indictments or informations; and (5) criminal cases where pre-indictment assignment was previously made. This case does not present any of the circumstances requiring direct assignment pursuant to Local Criminal Rule 50.2. Therefore, the second indictment was properly assigned by the automated random assignment system.

2. **Local Civil Rule 40.3(b)(2)**

Local Civil Rule 40.3(b)(2) would not change this result. Local Civil Rule 40.3(b)(2) provides:

> *Re-filing of Cases Previously Dismissed.* When a case is dismissed with prejudice or without and a second case is filed involving the same parties and relating to the same subject matter, the second case shall be assigned to the judge to whom the first case was assigned. The designation sheet presented at the time the second case is filed shall indicate the number of the earlier case and the name of the judge to whom it was assigned.

Arnaout accuses the government of manipulating the assignment process by incorrectly completing the designation sheet filed concurrently with the second indictment. Specifically, Arnaout claims the government's answers to questions 1 and 3 on the designation sheet prompted the clerk to randomly assign the case to this judge rather than directly assign the case to Judge Gottschall.

Arnaout fails to show how the government's response to question 1 affected the assignment of the second indictment. Question 1 asks:

> Is this an indictment or information arising out of offenses charged in one or more previously-filed magistrate's complaints? If the answer is "Yes," list the case number and title of the earliest filed complaint.

In response to question 1, the government checked the box marked "Yes," and wrote "02 CR 892 US v. Benevolence International Foundation, Levin." Motion at Ex. I. The government acknowledges it may have erred by answering this question in the affirmative. Response at 6, n. 5. Nevertheless, this case would have been randomly assigned to this judge through the automated assignment system regardless of the government's answer to question 1.

Question 1 corresponds to Internal Operating Procedure 10(c), which deals with case numbering rather than case assignment. Internal Operating Procedure 10(c) provides:

> Exceptions to Numbering System in Criminal Cases. An indictment or information that arises out of offenses charged in one or more previously filed criminal complaints shall be designated by the same case number as the earliest filed complaint. Any indictment or information that supersedes an earlier filed indictment or information as defined by subsection (4) of LCrR50.2 shall be designated by the same case number as that of the superseded indictment or information.

4

Internal Operating Procedure 10(c) ensures that a grand jury indictment supercedes a related criminal complaint by assigning the indictment the same case number. *See Jaben v. United States*, 85 S.Ct. 1365, 1368 (1965)(grand jury supercedes complaint procedure by returning an indictment).

As an initial matter, Arnaout does not cite any authority that permits reinstatement of a closed case related to a subsequent indictment. At the time the grand jury returned the second indictment, the first indictment had already been dismissed. The case assigned to Judge Gottschall was closed. Arnaout does not claim that the second indictment superceded either criminal complaint. Indeed, the new charges of racketeering conspiracy, providing material support to organizations engaged in violence, money laundering, mail fraud and wire fraud did not arise out of the perjury charges alleged in both criminal complaints. At most, the government's answer to question 1 mistakenly caused the assignment of the same case number to the second indictment as the second criminal complaint *instead of assignment of a new case number*. The government's response did not affect the random assignment of the second indictment to this judge.

Arnaout fails to support his accusation that the government falsely answered question 3 in an effort to manipulate the assignment system. Question 3 asks:

> Is this a refiling of a previously dismissed indictment or information? If the answer is 'Yes,' list the case number and title of the previously dismissed indictment or information and the name of the assigned judge (Local Rule 40.3(b)(2)).

In response, the government checked "No." Motion at Ex. I. The government argues it was not appropriate to check "yes," because the parties and subject matter of the second indictment are not the same as the first indictment. Neither party cites authority interpreting the "same parties" and "same subject matter" language contained Local Civil Rule 40.3(b)(2) in the criminal context. However, the local criminal rules address the assignment of a subsequent indictment where a

5

previously filed indictment is still pending. The result should not differ simply because the first indictment has been dismissed.

Local Criminal Rule 50.2(4) specifically addresses the assignment of an indictment where a previously filed indictment is still pending:

> *Superseding Indictments or Informations.* The United States attorney will indicate on the designation sheet filed with each indictment or information whether or not it supersedes a pending indictment or information. A superseding indictment or information will be filed in the same case as the superseded indictment or information. Where it supersedes more than one indictment or information, it will be filed in the case which was first assigned to a district judge.
>
> For the purpose of this subsection, **an indictment or information supersedes an earlier filed indictment or information if at least one of the defendants in the later filed indictment or information is charged with at least one of the charges brought against the same defendant in an earlier filed indictment or information.**

LCrR 50.2(4) [emphasis added]. Arnaout was not charged with perjury in the second indictment. As a result, the second indictment was not a superseding indictment subject to direct assignment to a specific judge. Under these circumstances, the government cannot reasonably be accused of forum shopping. An attempt to file the second indictment as a superceding indictment before Judge Gottschall would have violated the local rules pertaining to criminal assignments.

Nor is the second indictment subject to reassignment as a related case. Local Criminal Rule 50.1, entitled "Related Cases: Reassignment of Cases as Related" provides:

> Two or more criminal cases may be related if all of the defendants named in each of the cases are the same and none of the cases includes defendants not named in any other of the cases. A case may be reassigned to the calendar of another judge as related if it is found to be related to another case and it meets the criteria established by LR 40.4(b) for reassigning civil cases. The procedures set out in LR 40.4 (c) and (d) shall be followed where the reassignment of a criminal case based on relatedness is sought.

6

LCrR 50.1. Arnaout and BIF were named as defendants in the first indictment. Only Arnaout was named as a defendant in the second indictment. Under Local Criminal Rule 50.1, reassignment of the second indictment as a related case would not be proper because the defendants in both cases are not the same. The crimes charged in the two indictments are clearly different offenses; not a single charge overlaps both indictments. Therefore, the second indictment would have proceeded independently of the first indictment even if Judge Gottschall had not dismissed her case. Arnaout has not offered any reason why a different result should pertain simply because the prior case was dismissed. Local Civil Rule 40.3(b)(2) is inapplicable because the second indictment does not involve the same parties and same subject matter as defined by the local criminal rules.

## B.   Federal Rule of Criminal Procedure 12(h)

Finally, Arnaout claims the "government's circumvention of Rule 12(h) warrants reassignment pursuant to the local rules and procedures of this court." Reply at 5. Federal Rule of Criminal Procedure 12(h) provides in relevant part:

> If the court grants a motion based on a defect in the institution of the prosecution or in the indictment or information, it may also order that the defendant be continued in custody or that bail be continued for a specified time pending the filing of a new indictment or information.

Although Rule 12(h) grants a judge the authority to order continued custody of a defendant pending the filing of a new indictment, nothing in the rule allows that judge to dictate the assignment of a subsequently filed indictment. Indeed, Judge Gottschall denied a motion to stay the proceedings pursuant to Rule 12(h), in Arnaout's transparent attempt to insure that a subsequent indictment would be assigned to her. Judge Gottschall noted:

> This court expresses no opinion on the contested question of to whom any new indictment against these defendants should be assigned and the related question of to what district judge any matters should be assigned pending the return of any new

7

indictment. Nor, in this court's opinion, is it the proper office of a *nunc pro tunc* order or a stay to affect the application of the court's rules concerning case assignments.

*See* Minute Order issued in Case No. 02 CR 414 dated October 8, 2002. Even if the government had moved for 12(h) relief in lieu of filing the second criminal complaint, the second indictment remained subject to the court's automated random assignment procedures.

## CONCLUSION

This case was properly assigned based on the automated random assignment system. Arnaout's motion for reassignment to a specific judge is not authorized by the local rules, nor is the result he seeks consistent with the long-established policy of the random assignment of cases to judges of this court.

October 31, 2002

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge