# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | Ian H. Levin |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 892 - 2 | **DATE** | 11/22/2002 |
| **CASE TITLE** | USA vs. Enaam M. Aranout | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter memorandum opinion and order. Hearing on detention held. The court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required. Order defendant detained pending trial.**

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | NOV 2 5 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 31 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| SM | courtroom deputy's initials | 02 NOV 22 PM 2:01<br>Date/time received in<br>central Clerk's Office | date mailed notice<br>mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
v. ) Case No. 02 CR 892
)
ENAAM M. ARNAOUT, ) Magistrate Judge Ian H. Levin
  a/k/a "Abu Mahmoud", )
  a/k/a "Abu Mahmoud al Suri", )
  a/k/a "Abu Mahmoud al Hamawi", )
  a/k/a "Abdel Samia" )

DOCKETED NOV 2 5 2002

## MEMORANDUM OPINION AND ORDER

The issue before the Court is whether the Defendant, Mr. Arnaout, should be detained pending trial or whether he should be placed on bond, with the type of conditions proposed by the Defense.

The Court takes judicial notice of the record in prior case number 02 CR 414, in which Mr. Arnaout was a defendant. The ruling of the Court at the probable cause hearing in case number 02 CR 414 is attached hereto for reference purposes.

## BACKGROUND

As is pertinent here, and in abbreviated form, the indictment charges as follows: Mr. Arnaout became associated with Osama Bin Laden in the late 1980's. In about 1991, Arnaout worked with members of *al Qaeda* to purchase large quantities of weapons and to distribute them to various *Mujahideen* (fighter) camps,

including *al Qaeda* camps.

The indictment continues: In 1993, Mr. Arnaout assumed formal management of Benevolence International Foundation ("BIF") and Mr. Arnaout remained in that position until, at least, his arrest this year. BIF was a charitable organization whose ostensible purpose was to use donated funds solely for humanitarian purposes, with a strong overseas focus. The focus of BIF's appeal for donated funds was principally to Muslim donors. However, Arnaout has always secretly used a portion of the money raised by BIF to support *Mujahideen*, including *al Qaeda*, engaged in armed confrontations and violence overseas, such as in Chechnya and Bosnia-Herzegovina (a fact concealed from many donors to BIF).

## **ANALYSIS**

The Government's principal argument herein is that the Defendant is a risk of flight, which, under uniform case law, the Government must establish by a preponderance of the evidence.

The Court has taken into account the available information and arguments on both sides concerning the factors delineated at 18 U.S.C. § 3142(g).

The Court finds, however, that there are several overriding factors in this case. In considering the risks of flight herein, implicitly, the Court must assess (A) the Defendant's mental state (including his motivation to flee) and (B) whether the

Defendant has the physical means to flee.

As to mental state: Mr. Arnaout is charged with racketeering conspiracy, providing material support to organizations engaged in violent activities, money laundering, mail fraud and wire fraud. Mr. Arnaout faces a possible 90 year sentence if convicted of these charges. The Government also states that upon conviction it will seek sentencing enhancements that would result in Mr. Arnaout being sentenced to life in prison. In these circumstances, and given the post 9/11 climate in this country, regardless of Mr. Arnaout's actual guilt or innocence of all this, the natural human tendency has to be for Mr. Arnaout to apprehensively feel he's in a difficult and opprobrious situation, from which flows an incentive and risk for flight. In addition, the evidence offered by the Government was that even several months prior to Mr. Arnaout ever being formally charged in a criminal complaint, Mr. Arnaout discussed with another individual whether he should leave for Saudi Arabia (where Mr. Arnaout's Mother and siblings live) and not return to the United States. Further government evidence was that a month or two before being formally charged criminally, Mr. Arnaout advised the Benevolence International Foundation representative in Pakistan to leave and relocate to Afghanistan with all the money, to avoid the Pakistani intelligence authorities who were looking for that Pakistan representative.

As to physical means: The Defendant has an extensive international network of contacts, which is not available to the average person. Besides a sister organization in Canada and an office in New Jersey, Benevolence International Foundation ("BIF")[1] had about twelve offices overseas; namely, in Pakistan, Bosnia, Yemen, Sudan, Azerbaijan, Tajikistan, Bangladesh, Turkey, Dagestan, Soviet Georgia, China and Ingueshita (moved from Chechnya). BIF also had charitable projects in a number of these countries plus Afghanistan. As stated, Defendant has family in Saudi Arabia and he was born and raised in Syria. And Defendant used to reside in Florida.

The Court thus perceives that Defendant has the requisite mental state and the available physical means to create a risk of flight.

It also bears noting that electronic monitoring can't stop a person from fleeing. It can be noted, too, that all the property previously proposed to be posted as bond security is either owned by BIF or members of the community. There thus would be no financial harm incurred by Defendant's family if he flees, which therefore creates significantly less incentive for the Defendant to stay than if Defendant or his family was to post substantial security.

---

[1] Somewhat recently, BIF has been rendered defunct, initiated by virtue of certain United States government civil action.

4

## CONCLUSION

In view of the foregoing, considering the totality of the factors and circumstances, the Court determines that the Government has met its burden that the Defendant is a risk of flight. And the Court finds that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. Therefore, the Defendant is ordered detained pending trial.[2]

In light of the Court's ruling, the Court deems it unnecessary to consider whether the Government has established by clear and convincing evidence that the Defendant is a danger to the community.

In closing, the Court directs that Enaam M. Arnaout be afforded reasonable opportunity for private consultation with counsel. 18 U.S.C. §1342(i)(3).

Date: November 22, 2002     ENTER:

*Ian H. Levin*
Ian H. Levin
United States Magistrate Judge

---

[2] Pretrial Services has recommended detention of the Defendant, based on a risk of flight and as a danger to the community.

```
 1                    IN THE UNITED STATES DISTRICT COURT
                         NORTHERN DISTRICT OF ILLINOIS
 2                              EASTERN DIVISION

 3
         UNITED STATES OF AMERICA,          )  Docket No. 02 CR 414
 4                                          )
                              Plaintiff,    )
 5                                          )
                   vs.                      )
 6                                          )
         BENEVOLENCE INTERNATIONAL FOUNDATION, )
 7       INC., and ENAAM M. ARNAOUT, a/k/a  )
         "Abu Mahmoud", a/k/a "Abdel Samia", )  Chicago, Illinois
 8                                          )  May 13, 2002
                              Defendants.)     1:30 o'clock p.m.
 9

10            TRANSCRIPT OF PROCEEDINGS - PROBABLE CAUSE HEARING
                   BEFORE THE HONORABLE IAN H. LEVIN — Ruling
11

12       APPEARANCES:

13
         For the Plaintiff:         HON. PATRICK J. FITZGERALD
14                                  UNITED STATES ATTORNEY
                                    BY:  MR. PATRICK J. FITZGERALD
15                                       MR. JOHN C. KOCORAS
                                    219 S. Dearborn St., Ste 500
16                                  Chicago, Illinois  60604

17
         For Benevolence Int'l:     GESSLER, HUGHES, SOCOL, PIERS,
18                                     RESNICK & DYM
                                    BY:  MR. MATTHEW J. PIERS
19                                       MS. MARY M. ROWLAND
                                    Three First National Plaza
20                                  70 West Madison Street, Ste 2200
                                    Chicago, Illinois  60602
21

22       For Enaam Arnaout:         STEPHEN LEVY & ASSOCIATES
                                    BY:  MR. STEPHEN LEVY
23                                  33 N. LaSalle St., Suite 3350
                                    Chicago, Illinois  60602
24

25
```

```
1   APPEARANCES (Cont'd):

2   Court Reporter:            MR. JOSEPH RICKHOFF
                               Official Court Reporter
3                              219 S. Dearborn St., Ste 1432
                               Chicago, Illinois  60604
4                              (312) 435-5562

5
                  * * * * * * * * * * * * * * * * *
6
                        PROCEEDINGS RECORDED BY
7                       MECHANICAL STENOGRAPHY
                     TRANSCRIPT PRODUCED BY COMPUTER
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22      My ruling is as follows as to this matter:
23      In preface, it bears noting that this is not a trial
24 and that the nature of the proceeding presently before the
25 Court is such that the defendants do not mount a defense.

1   Rather, and essentially, the purpose of this
2  preliminary hearing is to determine from the evidence
3  presented by the United States Attorney's Office if there is
4  probable cause to believe that the offense of perjury as
5  charged in the criminal complaint here has been committed by
6  the defendants.
7   Specifically, the complaint charge herein is that the
8  defendants knowingly submitted false material declarations
9  under oath in a federal district court proceeding here in
10 Chicago and in violation of Title 18, United States Code,
11 Section 1623.
12   As is pertinent here, the portion of the sworn
13 declarations signed by defendant Arnaout on behalf of the
14 defendant Benevolence International Foundation -- hereafter
15 called BIF -- in issue states that Benevolence International
16 Foundation, "has never provided aid or support to people or
17 organizations known to be engaged in violence, terrorist
18 activities or military operations of any nature."
19   At the hearing before the Court, the United States
20 Attorney's Office presented evidence that in 1995, relative to
21 military operations and violence, Benevolence International
22 Foundation representatives delivered an X-ray machine and
23 $3225 to Chechnyan guerillas or freedom fighters for military
24 operations in Azerbaijan.
25   The U.S. Attorney's Office also presented evidence

that during or after February, 2000, a website dedicated to the cause of the Chechen freedom fighters in the military fight or jihad in Chechnya posted donation links on the website for Benevolence International Foundation (and only one other charity) as a trustworthy aid organization to donate money to the Chechnyan mujahideen (holy warriors) or freedom fighters for the military operations in Chechnya.

The U.S. Attorney's Office presented related evidence that during or around the same February, 2000, period, BIF wired $685,000 to its account in that vicinity or region.

When the described website and $685,000 in money transfers are compared as to time and considered with other circumstantial evidence presented by the government, for purposes of this probable cause hearing, a reasonable inference is that the subject $685,000 or some significant portion thereof went for military operations and violence in Chechnya.

Regarding the issue of materiality raised by Mr. Piers in the closing argument, the Court respectfully finds that the declaration at issue is "material." The civil district court suit filed by BIF is wholly premised on the premise that BIF is solely a charitable organization. The declaration by BIF therein that it has never provided aid or support to any people or organization known to be engaged in military operations of any nature or violence is, therefore,

1  clearly and inherently a material declaration in that civil
2  suit.
3       In summary, in view of the described evidence
4  presented by the government regarding the X-ray machine, $3500
5  in cash for use by the Chechen mujahideen (or guerillas or
6  freedom fighters) in their war activities in Chechnya, plus
7  the evidence surrounding the $685,000 in money transfers
8  discussed, the Court finds that probable cause exists that the
9  defendants knowingly submitted false material declarations
10 under oath that BIF has never provided aid or support to
11 people or organizations known to be engaged in, inter alia,
12 "violence" or "military operations of any nature."
13      Accordingly, the Court finds from the evidence that
14 there is probable cause to believe that the offense charged in
15 the complaint has been committed and that the defendants have
16 committed such offense.  The defendants, thus, are held to
17 answer for further proceedings in the district court.
18      That is the finding of the Court on that issue.

51

1 I certify that the foregoing is a correct transcript from the
record of proceedings in the above-entitled matter.
2
3
_____   _____May 23_____, 2002
4 Official Court Reporter