**Minute Order Form (06/97)**

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 892 | **DATE** | 12/4/2002 |
| **CASE TITLE** | UNITED STATES vs. ENAAM M. ARNAOUT | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The motion for modification of conditions of defendant's pretrial confinement [19-1][22-1] is denied without prejudice to his right to file a separate civil action. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC - 6 2002 | 47 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | LS | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | | 12/4/2002 date mailed notice | |
| CB | courtroom deputy's initials | PW mailing deputy initials | |
| | | Date/time received in central Clerk's Office | |

02 DEC -5 AM 11: 32
U.S. DISTRICT COURT



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 02 CR 892 |
| v. | ) ) | Suzanne B. Conlon, Judge |
| ENAAM M. ARNAOUT, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Enaam M. Arnaout ("Arnaout") is charged with racketeering conspiracy, providing material support to organizations engaged in violence, money laundering, mail fraud and wire fraud. On November 22, 2002, Magistrate Judge Ian H. Levin ordered Arnaout detained pending trial. Arnaout moves for modification of conditions of his pretrial confinement. Specifically, Arnaout challenges his placement in administrative detention and transport under a three-man hold.[1]

## DISCUSSION

Arnaout originally brought his motion under 28 U.S.C. § 2241 ("§ 2241"). At the hearing on the motion, the court *sua sponte* raised the issue of jurisdiction and entered a briefing schedule granting Arnaout leave to file a supplemental motion. In his supplement, Arnaout concedes his "initial filing erroneously invoked 28 U.S.C. § 2241" as the basis for the court's jurisdiction. In its place, Arnaout offers 18 U.S.C. § 3142, Federal Rule of Criminal Procedure 46, the Seventh

---

[1] Arnaout was placed in administrative detention with a three-man hold transport after his arrest on April 30, 2002. Contrary to counsel's unsupported (and repeated) representations, Arnaout has not spent more time in administrative detention "than any pretrial detainee in the history of this district." Reply at 2. For example, Quan Ray spent nearly one year in administrative detention at the Metropolitan Correction Center. *See U.S. v. Quan Ray*, Case No. 96 CR 379-2, Docket Nos. 43-1 and 71-1.

1

Circuit's decision in *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137 (7th Cir. 1995) and "the *Gotti* line of cases," including *United States v. Gotti*, 755 F.Supp. 1159 (E.D.N.Y. 1991) and *United States v. Suleiman*, No. 96 CR 933 WK, 1997 WL 220308 (S.D.N.Y. April 1, 1997). In response, the government claims Arnaout must challenge the conditions of his confinement through a separate civil action.

## I.  18 U.S.C. § 3142

Arnaout first argues the court may consider his motion under 18 U.S.C. § 3142 ("§ 3142"). Section 3142 allows the court to order the detention of a criminal defendant pending trial. 18 U.S.C. § 3142(e). Section 3142(i) specifically provides:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

"Section 3142(i)(3) is designed to protect a defendant's Sixth Amendment right to counsel, and if that right is being infringed, [the judge] has the statutory authority to protect [the defendant's] access to counsel." *Falcon*, 52 F.3d at 139. Arnaout does not provide any evidence that his placement in administration detention or transport under a three-man hold interferes with his right to counsel. Indeed, the detention order specifically directs that Arnaout be afforded reasonable opportunity for private consultation with counsel. Under these circumstances, § 3142 does not provide the court with jurisdiction to grant the relief sought by Arnaout.

## II.  Federal Rule of Criminal Procedure 46

For the same reasons, Federal Rule of Criminal Procedure 46 does not confer jurisdiction on the court to consider Arnaout's motion. As of December 1, 2002, Federal Rule of Criminal Procedure 46(h)(1) provides in relevant part:

> To eliminate unnecessary detention, the court must supervise the detention within the district of any defendants awaiting trial . . .

As the government points out, Rule 46 addresses the fact of detention, not the conditions of detention. Indeed, the advisory committee notes to Rule 46 confirm that Rule 46(h)(1), formerly Rule 46(g), is a "restatement of existing law and practice," including the predecessor statute to § 3142. Advisory Committee Notes to Fed. R. Crim. P. 46(g) (1944). Therefore, Rule 46 does not provide the court with jurisdiction to modify Arnaout's conditions of confinement.

### III. *Falcon v. U.S. Bureau of Prisons*

Arnaout next argues the Seventh Circuit's decision in *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137 (7th Cir. 1995), authorizes the court to consider his motion. In *Falcon*, the Seventh Circuit reiterated the general rule governing confinement challenges:

> A petitioner who seeks a 'quantum change' in the level of confinement must use the writ. A prisoner who seeks anything else must use a civil rights action.

*Falcon*, 52 F.3d at 138. Indeed,

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation – then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law.

*Id.*, quoting *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). *Falcon* also recognized that a pretrial detainee may challenge conditions affecting his right to counsel before the judge presiding over the underlying criminal case. *Id.* at 139. As discussed above, Arnaout has not provided any evidence demonstrating that his placement in administrative detention or transport under a three-man hold interferes with his right to counsel. Absent any such evidence, Arnaout may only challenge the conditions of his confinement through a separate civil action.

3

## IV. *United States v. Gotti*

The *Gotti* line of cases do not change this result. Neither *Gotti* decision addresses the basis for the court's jurisdiction. *See United States v. Gotti*, 755 F.Supp. 1159 (E.D.N.Y. 1991); *United States v. Suleiman*, No. 96 CR 933 WK, 1997 WL 220308 (S.D.N.Y. April 1, 1997). In contrast, this court *sua sponte* raised the jurisdictional issue. *See Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001)(district court has independent duty to police subject matter jurisdiction even if the parties fail to object). Therefore, the *Gotti* line of cases do not provide jurisdictional support for Arnaout's motion.

## CONCLUSION

Arnaout fails to provide a valid basis for the court to modify the conditions of his confinement. Absent any evidence that the conditions of confinement interfere with his right to counsel, Arnaout may only challenge his placement in administrative detention and transport under a three-man hold through a civil action. Therefore, his motion is denied without prejudice to his right to file a separate civil action.

December 4, 2002

ENTER:

Suzanne B. Conlon
United States District Judge

4