# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 892 | **DATE** | 12/17/2002 |
| **CASE TITLE** | UNITED STATES vs. ENAAM M. ARNAOUT | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Defendant's motion to dismiss portions of Counts One and Two [42-1] is denied. **ENTER MEMORANDUM OPINION AND ORDER.**

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 18 2002 | |
| ✓ | Notified counsel by telephone. | | date docketed | 67 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/17/2002 | |
| | | 02 DEC 17 PM 5:34 | date mailed notice | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 CR 892 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| ENAAM M. ARNAOUT, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
DEC 1 8 2002

## MEMORANDUM OPINION AND ORDER

Enaam M. Arnaout, a naturalized American citizen born in Syria, has been chief executive officer of Benevolence International Foundation ("BIF") since 1993. BIF is purportedly an international charitable organization with offices in Palos Hills, Illinois, as well as other locations throughout the world. In Count One, Arnaout is charged with conducting the affairs of BIF through a pattern of racketeering activity, under 18 U.S.C. § 1962(d), that included mail fraud, wire fraud, obstruction of justice, money laundering and providing material support to organizations engaged in violent activities, all in violation of United States law. Arnaout and his co-conspirators allegedly attempted to provide material support and resources to groups known as *al Qaeda, Hezb e Islami,*[1] and others engaged in violent confrontations in Bosnia-Herzegovina, Chechnya, and neighboring regions. Overt acts in furtherance of the conspiracy were allegedly committed within the jurisdiction of the United States. Arnaout allegedly knew and intended that the recipients of BIF aid would use

---

[1] Osama Bin Laden allegedly used the *al Qaeda* organization to provide financial and logistical support to *mujahideen* or fighters in different parts of the world, including Chechnya and Bosnia-Herzegovina; he allegedly received financial support for *al Qaeda* operations from charitable organizations. Count One at ¶¶ 1 C-E. *Hezb e Islami* is an organization engaged in armed confrontation in Afghanistan. *Id.* at ¶ 1 D.

1



those benefits in a conspiracy to kill, kidnap, maim or injure persons in a foreign country, in violation of 18 U.S.C. §§ 956(a)(1) and 2339A.

Arnaout is charged in Count Two with conspiring to provide material support and resources to *al Qaeda, Hezb e Islami*, and others engaged in violent confrontations in Bosnia-Herzegovina, Chechnya, and neighboring regions. He allegedly conspired to conceal and disguise the nature, location, source and ownership of material support and resources he furnished, knowing and intending this aid would be used in a conspiracy to kill, kidnap, maim or injure persons in a foreign country, in violation of 18 U.S.C. §§ 956(a)(1) and 2339A.

The foregoing portions of Count One, and Count Two in its entirety, are the subject of Arnaout's motion to dismiss.[2] Arnaout contends alleged recipients of BIF aid in Chechnya and Bosnia-Hertzegovina were lawful combatants [or soldiers], whose actions during armed conflict with legitimate military targets are privileged from prosecution under the Geneva Conventions. According to Arnaout, the status of purported BIF beneficiaries as lawful combatants protects them from prosecution for acts of war, such as killing, maiming, kidnaping and injuring the enemy. Because BIF aid recipients' conduct during war was not unlawful under the Geneva Conventions, Arnaout argues their lawful conduct cannot support charges of conspiracy to murder, kidnap and maim under 18 U.S.C. § 956(a)(1). He concludes that as a matter of law, the government cannot establish that material support was provided to groups or persons engaged in violent conflicts within the purview of 18 U.S.C. § 2339A.

Arnaout ignores the court's obligation to accept all well-pleaded allegations of the indictment as true for purposes of a motion to dismiss. *Boyce Motor Lines v. United States*, 342 U.S. 337, 343

---

[2] In addition, Arnaout is charged with the substantive offenses of money laundering, mail fraud and wire fraud.

2

n.16 (1951). Applying that standard, allegations that Arnaout conspired to provide material support and resources to *al Qaeda, Hezb e Islami,* and others engaged in violent confrontations must be viewed as true. The allegations of the indictment support a reasonable inference that the intended recipients of BIF aid were terrorists who do not fall under the protection of the Geneva Conventions.

Nor has Arnaout established that *al Qaeda* and *Hezb e Islami* were lawful combatants privileged against prosecution for conspiracy to murder, kidnap, maim and injure others in Chechnya and Bosnia-Herzegovina. Arnaout has made no showing whatsoever that *al Qaeda* and *Hezb e Islami* meet the criteria for lawful combatant status: (1) hierarchical military structure; (2) distinctive military uniforms or emblems recognizable at a distance; (3) combatants carry arms openly; and (4) operations are conducted in accordance with the laws and customs of war. *United States v. Lindh,* 212 F.Supp.2d 541, 557 (E.D.Va. 2002) (citing, *inter alia,* Geneva Convention Relative to the Treatment of Prisoners of War, Aug. 12, 1949, 6 U.S.T. 3316, 75 U.N.T.S. 135, art. 4(A)(2)). "[A]ll armed forces or militias, regular and irregular, must meet the four criteria if their members are to receive combatant immunity." *Id.* at 557 n. 35.

## CONCLUSION

Viewing the allegations of the indictment as true, Counts One and Two sufficiently allege that Arnaout conspired to supply material support and benefits to *al Qaeda* and *Hezb e Islami,* and others engaged in violent confrontations involving murder, kidnaping, maiming and injury in Chechnya and Bosnia-Herzegovina, and neighboring regions, in violation of federal law. Arnaout

has failed to establish as a matter of law that the lawful combatant privilege extends to alleged recipients of his aid.

December 17, 2002

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge