# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 892 | **DATE** | 1/2/2003 |
| **CASE TITLE** | UNITED STATES vs. ENAAM M. ARNAOUT | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Defendant's motion to dismiss portions of Counts One and Two [42-1] of the superseding indictment is denied. **ENTER AMENDED MEMORANDUM OPINION AND ORDER.**

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | JAN 03 2003 date docketed |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | docketing deputy initials |
| | Mail AO 450 form. | 1/2/2003 date mailed notice |
| | Copy to judge/magistrate judge. | |
| CB courtroom deputy's initials | Date/time received in central Clerk's Office | PW mailing deputy initials |

03 JAN -2 PM 2:39
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 CR 892 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| ENAAM M. ARNAOUT, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED JAN 3 2003

## **AMENDED MEMORANDUM OPINION AND ORDER**

Enaam M. Arnaout, a naturalized American citizen born in Syria, has been chief executive officer of Benevolence International Foundation ("BIF") since 1993. BIF is purportedly an international charitable organization with offices in Palos Hills, Illinois, as well as other locations throughout the world. In Count One, Arnaout is charged with conducting the affairs of BIF through a pattern of racketeering activity, under 18 U.S.C. § 1962(d), that included mail fraud, wire fraud, obstruction of justice, money laundering and providing material support to organizations engaged in violent activities, all in violation of United States law. Arnaout and his co-conspirators allegedly attempted to provide material support and resources to groups known as *al Qaeda, Hezb e Islami*, the Sudanese Popular Defense Force,[1] and others engaged in violent confrontations in Bosnia-Herzegovina, Chechnya, and neighboring regions, and the Sudan. Overt acts in furtherance of the

---

[1] Osama Bin Laden allegedly used the *al Qaeda* organization to provide financial and logistical support to *mujahideen* or fighters in different parts of the world, including Chechnya and Bosnia-Herzegovina; he allegedly received financial support for *al Qaeda* operations from charitable organizations. Count One at ¶¶ 1 C-E. *Hezb e Islami* is an organization engaged in armed confrontation in Afghanistan. *Id.* at ¶ 1 D. With the support of *al Qaeda* and the National Islamic Front, the Sudanese Popular Defense Force allegedly carried out military operations in a *jihad* against Christians living in southern Sudan. *Id.* at ¶ 1 J.

1

conspiracy were allegedly committed within the jurisdiction of the United States. Arnaout allegedly knew and intended that the recipients of BIF aid would use those benefits in a conspiracy to kill, kidnap, maim or injure persons in a foreign country, in violation of 18 U.S.C. §§ 956(a)(1) and 2339A.

Arnaout is charged in Count Two with conspiring to provide material support and resources to *al Qaeda, Hezb e Islami*, and others engaged in violent confrontations in the Sudan, Bosnia-Herzegovina, Chechnya, and neighboring regions. He allegedly conspired to conceal and disguise the nature, location, source and ownership of material support and resources he furnished, knowing and intending this aid would be used in a conspiracy to kill, kidnap, maim or injure persons in a foreign country, in violation of 18 U.S.C. §§ 956(a)(1) and 2339A.

The foregoing portions of Count One, and Count Two in its entirety, are the subject of Arnaout's motion to dismiss.[2] Arnaout contends alleged recipients of BIF aid were lawful combatants [or soldiers], whose actions during armed conflict with legitimate military targets are privileged from prosecution under the Geneva Conventions. According to Arnaout, the status of purported BIF beneficiaries as lawful combatants protects them from prosecution for acts of war, such as killing, maiming, kidnaping and injuring the enemy. Because BIF aid recipients' conduct during war was not unlawful under the Geneva Conventions, Arnaout argues their lawful conduct cannot support charges of conspiracy to murder, kidnap and maim under 18 U.S.C. § 956(a)(1). He concludes that as a matter of law, the government cannot establish that material support was provided to groups or persons engaged in violent conflicts within the purview of 18 U.S.C. § 2339A.

---

[2] In addition, Arnaout is charged with the substantive offenses of money laundering, mail fraud and wire fraud.

Arnaout ignores the court's obligation to accept all well-pleaded allegations of the indictment as true for purposes of a motion to dismiss. *Boyce Motor Lines v. United States,* 342 U.S. 337, 343 n.16 (1951). Applying that standard, allegations that Arnaout conspired to provide material support and resources to *al Qaeda, Hezb e Islami,* the Sudanese Popular Defense Force, and others engaged in violent confrontations must be viewed as true. The allegations of the indictment support a reasonable inference that the intended recipients of BIF aid were terrorists who do not fall under the protection of the Geneva Conventions.

Nor has Arnaout established that *al Qaeda, Hezb e Islami* and the Sudanese Popular Defense Force were lawful combatants privileged against prosecution for conspiracy to murder, kidnap, maim and injure others in Chechnya, Bosnia-Herzegovina, and the Sudan. Arnaout has made no showing whatsoever that *al Qaeda, Hezb e Islami,* and the Sudanese Popular Defense Force meet the criteria for lawful combatant status: (1) hierarchical military structure; (2) distinctive military uniforms or emblems recognizable at a distance; (3) combatants carry arms openly; and (4) operations are conducted in accordance with the laws and customs of war. *United States v. Lindh,* 212 F.Supp.2d 541, 557 (E.D.Va. 2002) (citing, *inter alia,* Geneva Convention Relative to the Treatment of Prisoners of War, Aug. 12, 1949, 6 U.S.T. 3316, 75 U.N.T.S. 135, art. 4(A)(2)). "[A]ll armed forces or militias, regular and irregular, must meet the four criteria if their members are to receive combatant immunity." *Id.* at 557 n. 35.

## CONCLUSION

Viewing the allegations of the indictment as true, Counts One and Two sufficiently allege that Arnaout conspired to supply material support and benefits to *al Qaeda, Hezb e Islami,* and the Sudanese Popular Defense Force, and others engaged in violent confrontations involving murder, kidnaping, maiming and injury in Chechnya, Bosnia-Herzegovina, and neighboring regions, and the

3

Sudan, in violation of United States law. Arnaout has failed to establish as a matter of law that the lawful combatant privilege extends to alleged recipients of his aid.

January 2, 2003

ENTER:

Suzanne B. Conlon
United States District Judge