UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 02 CR 892 |
| | ) | Hon. Suzanne B. Conlon |
| ENAAM M. ARNAOUT | ) | |

**FILED**

FEB 10 2003
Judge Suzanne B. Conlon
United States District Court

**DOCKETED**

FEB 11 2003

## PLEA AGREEMENT

This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and the defendant, ENAAM M. ARNAOUT, and his attorneys, JOSEPH J. DUFFY and WILLIAM P. ZIEGELMUELLER, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 02 CR 892.

This Plea Agreement concerns criminal liability only, and nothing herein shall limit or in any way waive or release any administrative or judicial civil claim, demand or cause of action, whatsoever, of the United States or its agencies. Moreover, this Agreement is limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities except as expressly set forth in this Agreement.

By this Plea Agreement, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and the defendant, ENAAM M. ARNAOUT, and his attorneys, JOSEPH J. DUFFY and WILLIAM P. ZIEGELMUELLER, have agreed upon the following:

1.    Defendant acknowledges that he has been charged in the second superseding indictment ("indictment") in this case with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) [Count 1]; conspiracy to provide material support to persons, organizations and groups engaged in violent activities, in violation of Title 18, United States Code, Section 371 [Count 2]; conspiracy to launder proceeds of unlawful activity, in violation of Title 18, United States Code, Section 1956(h) [Count 4]; money laundering, in violation of Title 18, United States Code, Section 1956 [Count 5]; and mail and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343 [Counts 6,7, and 8].

2.    Defendant has read the charges contained in the indictment, and those charges have been fully explained to him by his attorney.

3.    Defendant fully understands the nature and elements of the crimes with which he has been charged.

4.    Defendant will enter a voluntary plea of guilty to Count One of the indictment in this case.

5.    Defendant will plead guilty because he is in fact guilty of the charge contained in Count One of the indictment.    In pleading guilty, defendant admits the following facts and relevant conduct and that those facts establish his guilt beyond a reasonable doubt:

Defendant admits that beginning in or about 1993 and continuing to in or about May 2002, in Palos Hills, Worth, and

other locations in the Northern District of Illinois, Eastern Division, and elsewhere, defendant, being employed by and associated with an enterprise, namely Benevolence International Foundation, Inc. and its affiliated overseas offices, which engaged in and the activities of which affected interstate and foreign commerce, did conspire with others to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, that is, through multiple acts indictable under the laws of the United States, namely, 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. § 1343 (wire fraud).

Specifically, defendant admits that in 1992, Adel Batterjee and others incorporated Benevolence International Foundation, Inc. ("BIF") in Illinois. In or about March 1993, BIF received status as a tax-exempt organization from the Internal Revenue Service. Beginning in or about May 1993, defendant was responsible for and directed BIF's operations in the United States.

Defendant admits that starting in May 1993, BIF solicited donations from the public by purporting that BIF and its related overseas offices was a charitable organization involved solely in humanitarian work for the benefit of civilian populations, including refugees and orphans, with a small amount being used for administrative expenses. Defendant admits that he and others agreed to conceal from donors, potential donors, and federal and state governments in the United States that a material portion of the donations received by BIF based on BIF's misleading

representations was being used to support fighters overseas. Defendant admits that the support he and others agreed to provide included: boots intended for ultimate use by fighters in Chechnya; and boots, tents, uniforms and an ambulance intended for ultimate use by soldiers in Bosnia-Herzegovina. Defendant further admits that he used donor funds to purchase uniforms for a department of a provisional but unrecognized government in Chechnya despite representations otherwise to donors.

Defendant admits that he and others agreed to use the United States Mails to distribute from Palos Hills, Illinois the multiple, misleading solicitations described above, and to cause the use of the United States Mails to receive donations from misled donors. Defendant further admits that he and others agreed to cause to be transmitted multiple monetary donations from misled donors to BIF's bank accounts by wire in interstate and foreign commerce.

Defendant acknowledges that the above statement of facts is set forth solely to provide a factual foundation for this plea of guilty and does not constitute all the information defendant possesses concerning Count One, or any related conduct.

6.   Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

7. As of the time of the taking of this plea, the parties have come to no agreement as to the application of the guidelines promulgated by the United States Sentencing Commission pursuant to Title 28, United States Code, Section 994. The defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the parties' or the probation officer's sentencing guidelines calculations.

8. Errors in calculations or interpretation of any of the guidelines may be corrected prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office and/or Court setting forth the disagreement as to the correct guidelines and their application. The validity of this Agreement will not be affected by such corrections, and the defendant shall not have a right to withdraw his plea on the basis of such corrections.

9. Defendant understands the count to which he will plead guilty carries the following penalties:

(a) Count One carries a maximum penalty of 20 years' imprisonment; a maximum fine of $250,000, or the greater of twice the gross gain or twice the gross loss deriving from the offense of conviction, and any restitution ordered by the Court.

5

(b)  Defendant understands that this count also carries a term of supervised release of not less than two nor more than three years.

10.  The defendant understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, the defendant will be assessed $100 in addition to any other penalty imposed.  The defendant agrees to pay the special assessment of $100 at the time of sentencing with a check or money order made payable to the Clerk of the U. S. District Court.

11.  Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial.  The trial could be either a jury trial or a trial by the judge sitting without a jury.  The defendant has a right to a jury trial.  However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b)  If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges.  The jury would have to agree unanimously

6

before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

12. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant further

7

understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty or the sentence.

13. Defendant understands that the indictment and this Plea Agreement are matters of public record and may be disclosed to any party.

14. Defendant agrees he will fully and truthfully cooperate with the government in any matter in which he is called upon to cooperate. Defendant agrees to provide complete and truthful information to any agency of the United States as directed by a representative of the United States Attorney for the Northern District of Illinois, in any investigation or pre-trial preparation, and to provide complete and truthful testimony, if called upon to testify, in any matter or proceeding where called upon to testify by a representative of the United States Attorney for the Northern District of Illinois.

15. At the time of sentencing, the government shall make known to the sentencing judge the extent of defendant's cooperation, if any. If, in the government's sole discretion, the government determines that the defendant has provided full and truthful cooperation amounting to substantial assistance as defined in Sentencing Guideline 5K1.1, the government shall move the Court, pursuant to Sentencing Guideline 5K1.1, to depart from the final sentencing guidelines range or the statutory maximum, whichever is less, and thereafter the parties are free to recommend any sentence they deem appropriate. Defendant acknowledges that should the

government determine that defendant has not provided substantial assistance, such a determination will release the government from any obligation to file a motion pursuant to Section 5K1.1 of the Sentencing Guidelines, and will not entitle defendant to withdraw his guilty plea once it has been entered.

16. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and subject to the limitations of the sentencing guidelines, may impose the maximum penalties as set forth in paragraph 8 above. The defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

17. At the time of the taking of this plea, the parties have come to no agreement as to the appropriate amount of restitution owed to any of the victims of the offense of conviction. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3663A, the Court must order defendant to make restitution to any victim of the offense of conviction, minus any credit for funds paid prior to sentencing. The defendant understands that Title 18, United States Code, Section 3664 and Sections 5E1.1 and 5E1.2 of the Sentencing Guidelines set forth the factors to be weighed in setting a fine and in determining the schedule, if any, according to which restitution is to be paid in this case. The defendant agrees to provide full and truthful information to the Court and United States Probation Officer regarding all details of his economic circumstances in order to determine the proper restitution

9

schedule according to which the defendant may be ordered to pay. Defendant understands that providing false or incomplete information may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the court. Defendant will cooperate fully with the United States Attorney's Office and the United States Probation Office in their determination of the appropriate amount of restitution to be ordered by the Court. Such cooperation shall include truthful disclosure by the defendant of his financial status, including all tax returns and related information as may be requested. Defendant understands that providing false or incomplete information may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the court.

18. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss with prejudice the original indictment, the first superseding indictment and the remaining counts of the second superseding indictment, as well as Count 3 of the second superseding indictment (previously dismissed without prejudice), all subject to reinstatement only if defendant seeks to vacate, void or otherwise withdraw his plea of guilty.

19. Defendant understands that his compliance with each part of this Plea Agreement extends throughout and beyond the period of his sentence, and failure to abide by any term of the Plea Agreement is a violation of the Agreement. He further understands that in the event he violates this Agreement, the government, at

its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the defendant not subject to any of the limits set forth in this Agreement, or to resentence the defendant. The defendant understands and agrees that in the event that this Plea Agreement is breached by the defendant, and the Government elects to void the Plea Agreement and prosecute the defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of such prosecutions.

20. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

21. Defendant agrees this Plea Agreement shall be filed and become a part of the record in this case.

22. Should the judge refuse to accept the defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound thereto.

11

23. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: _February 9, 2003_

| | |
|---|---|
| PATRICK J. FITZGERALD<br>United States Attorney | ENAAM M. ARNAOUT<br>Defendant |
| JOHN C. KOCORAS<br>Assistant United States Attorney | JOSEPH J. DUFFY<br>Attorney for Defendant |
| DEBORAH L. STEINER<br>Assistant United States Attorney | WILLIAM P. ZIEGELMUELLER<br>Attorney for Defendant |

12